UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIXTURE LABS, LLC, et al.,

Plaintiffs,

v.

BEVVY LIMITED,

Defendant.

Case No. 25-cv-08260-RFL

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 52

Mixture Labs and Bevvy, Inc. filed this trademark infringement and unfair competition action against Bevvy Limited. (Dkt. No. 1.) Bevvy Limited filed counterclaims for cancellation of Mixture Labs' mark due to nonuse and abandonment. (Dkt. No. 34.) The parties later filed amended versions of their pleadings. (Dkt. Nos. 45 ("FAC"), 48 ("FACC").) Mixture Labs filed a motion to dismiss Bevvy Limited's amended counterclaims. (Dkt. No. 52.) Because the counterclaims do not allege any facts from which the Court could infer nonuse or abandonment of Mixture Lab's mark, the motion to dismiss is **GRANTED** with leave to amend.

## I. FACTUAL ALLEGATIONS

Mixture Labs is the owner of the BEVVY Mark, which it licenses to Bevvy, Inc. (FAC ¶¶ 11-12.) Bevvy, Inc. operates a website, www.bevvy.co, which allows users to access alcohol-related digital media, upload their own content, create collections of favorite beverages and recipes, and follow other users. (*Id.* ¶¶ 18-23.) Mixture Labs alleges that its bevvy.co website "has been publicly available and in continuous operation since May 2014." (*Id.* ¶ 23.) Mixture Labs obtained the mark the website operates under in 2017. (*Id.* ¶ 14.) The website generates revenue through advertising, commissions, and sponsored content. (*Id.* ¶ 23.) Mixture Labs alleges that, since 2021, Bevvy Limited has operated a similar website and app, bevvy.com, in

violation of Mixture Lab's rights under its mark. (*Id.* ¶¶ 25-30.)

Bevvy Limited counterclaims that the BEVVY mark should be canceled due to nonuse and abandonment. (FACC ¶¶ 22, 26.) Bevvy Limited's counterclaims allege that Mixture Labs has been operating its website. (*See id.* ¶ 15.) However, Bevvy Limited claims that "[m]aintaining, developing, and organizing an online community for oneself" is not a service, so Mixture Labs has failed to use the mark "in connection with the services of its registration" as required under the Lanham Act. (*Id.* ¶¶ 16, 20.) Mixture Labs filed a motion to dismiss the counterclaims on the grounds that they rest on a misunderstanding of applicable law. (Dkt. No. 52.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires any pleading that seeks relief to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, the claim's "factual allegations 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citation omitted). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a [pleading] is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

The Lanham Act provides that a mark may be canceled if it "has never been used in commerce on or in connection with some or all of the goods or services recited in the registration." 15 U.S.C. § 1064(6). A mark may also be canceled if "its use has been

discontinued with intent not to resume such use." *Id.* §§ 1127; 1064(3). Mixture Labs has registered its mark in Class 42, which includes computer services. (FAC ¶ 14; FACC ¶ 9); World Intellectual Property Organization, *International Classification of Goods and Services for the Purposes of the Registration of Marks* 43 (13th Ed. 2026). Since Bevvy Limited alleges that Mixture Labs operates a website under its mark, its claims of nonuse or abandonment turn on whether this hosting of a website constitutes a computer service.

Mixture Labs argues persuasively that a website can provide a service. The Lanham Act does not define the word "services." *In re Canadian Pac. Ltd.*, 754 F.2d 992, 994 (Fed. Cir. 1985). Based on common meaning and the Act's goal of protecting consumers, the Federal Circuit has reasoned that a service must benefit "at least some group of the greater public" and not just the service provider. *Id*. at 994-95. The Trademark Trial and Appeal Board recently applied this standard to find that a public-facing retail website provided a service to the public. In *Blizzard Ent., Inc*., No. 91285851, 2024 WL 3467057 (TTAB July 18, 2024), the defendant sought cancellation of a mark used in connection with a retailer's website on the grounds that the website existed for the retailer's own benefit rather than for the public's benefit. The TTAB rejected this argument and held that a website that "provides a central location to find, examine, and purchase various goods" provides a service. *Id*. at *5. By contrast, the Federal Circuit held in a different case that an investment plan offered only to a corporation's own shareholders did not qualify as a service. *Canadian Pac. Ltd.*, 754 F.2d at 995.

Against this legal backdrop, Bevvy Limited has not adequately pled facts supporting a plausible inference that Mixture Labs' website fails to provide a service. Though the counterclaims contain bare allegations asserting that Mixture Labs operates its website only for its own benefit, a court need not accept as true "threadbare recitals of a cause of action's elements" or "conclusory allegations." *Iqbal*, 556 U.S. at 678. Because Bevvy Limited does not describe any facts supporting its claims of nonuse or abandonment, its pleading fails to state a claim for relief.

## IV. CONCLUSION

Mixture Labs' Motion to Dismiss is **GRANTED.** Because it is not clear the counterclaims "could not be saved by any amendment," the dismissal is with leave to amend. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). If Bevvy Limited wishes to file amended counterclaims, it must do so by **October 30, 2026.**

**IT IS SO ORDERED.**

Dated: October 9, 2026

RITA F. LIN
United States District Judge